IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LESLIE SMITH,
    Plaintiff,

v.                                        Case No. 3:08cv3/MCR/EMT

PSYCHIATRIC SOLUTIONS, INC., et al.,
    Defendants.
_____/

**O R D E R**

        This is an action for retaliatory discharge under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, and the Florida Whistle-Blower Act, Fla. Stat. §§ 448.101, *et. seq.* On March 31, 2009, the district court entered an order granting, *inter alia*, Defendants' motion for summary judgment on Plaintiff's claims (Doc. 150). Plaintiff appealed this order as well as other court orders to the Eleventh Circuit Court of Appeals (Doc. 158). Pending disposition of Plaintiff's appeal, the district court deferred ruling on the motion for attorneys' fees filed by Defendants (*see*, respectively, Docs. 161, 156).[1] In an opinion issued December 21, 2009, the Eleventh Circuit affirmed the district court's rulings. Accordingly, Defendants' motion for attorneys' fees is now ripe for consideration. Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.3, the district court referred this matter to the undersigned to conduct evidentiary and such other proceedings as may be required and to enter a Report and Recommendation on the disposition of Defendants' motion.[2]

---

[1] Plaintiff has responded in opposition to the motion for attorney's fees (Doc. 160).

[2] Defendants have also submitted a bill of costs (Doc. 155), to which Plaintiff has responded in opposition (Doc. 157). The district court's referral to the undersigned of Defendants' motion for attorneys' fees does not expressly mention the parties' bill of costs dispute. Given the interrelatedness of the two matters, however, this court addresses both of them.

Defendants seek the entry of an order establishing that Plaintiff and her counsel are liable to them for attorneys' fees incurred in bringing this action (*see* Doc. 156); *see also* N.D. Fla. Loc. R. 54.1 (describing bifurcated procedure for determining attorneys' fees and stating that in the absence of a settlement the issue of liability will be determined first). According to Defendants, their counsel conferred with Plaintiff's counsel in an effort to discuss settlement of attorneys' fees but Plaintiff's refuses to pay *any* fees "because she 'does not think she owes them'"(Doc. 156 at 2). In her response to the motion for attorneys' fees, Plaintiff disputes Defendants' characterization of their conference and also argues that no fees are available under any of the bases asserted by Defendants. Defendants also seek reimbursement of costs from Plaintiff, in the amount of $9131.11 (Doc. 155 at 1). Responding in opposition, Plaintiff submits that many of the costs claimed are not appropriate and asserts that the court should reduce the amount sought by $8889.75, to $241.36 (Doc. 157 at 5).[3]

With respect to the motion for fees, the court concludes that counsel for the parties have not fully complied with either the letter or spirit of Local Rule 54.1(C), which provides that "[n]o motion for attorneys' fees will be considered until the parties have conferred as required by N.D. Fla. Loc. R. 7.1(B) and have made good faith efforts to settle both liability for, and the amount of, attorneys' fees. A certificate of conference must accompany the motion filed under this rule." *See* N.D. Fla. Loc. R. 54.1(C) (emphases added). First, while counsel for the parties appear to have conferred briefly regarding the fees issue, no certificate of conference so specifying accompanies Defendants' motion. Moreover, there is no basis—through an appropriate certificate or through statements made in the motion and/or response—for the court to conclude that the parties have made "good faith efforts" to settle the fees dispute. Indeed, it appears otherwise.

Before the court will proceed any further on an endeavor that likely will require the expenditure of significant judicial resources, the parties' counsel shall be required to confer in a **good faith effort** to resolve the issues raised in the motion for attorneys' fees. Counsel shall do the same with respect to the bill of costs. In conducting their conference, counsel for each party shall

---

[3] On January 18, 2010, attorney Marie A. Mattox entered an appearance on behalf of Richard E. Johnson, Plaintiff's counsel (Doc. 209). Ms. Mattox has also submitted caselaw in support of Plaintiff's argument in opposition to Defendants' motion for attorneys' fees (Doc. 210).

Case No. 3:08cv3/MCR/EMT

be required to <u>personally meet</u> or to <u>confer telephonically</u> (i.e., no faxes, e-mails, or voice-mail messages back and forth), no later than **February 12, 2010**. Within **ten (10) days thereafter**, Defendants shall file a certificate stating that the parties conferred as directed by the court and made a **good faith effort** to settle the questions of liability for and the amount of attorneys' fees in this action, as well as the matter of costs. The certificate shall also indicate whether the fees and costs issues have been fully (or partially) settled or whether the parties were entirely unsuccessful in resolving their differences.[4]

Accordingly, it is **ORDERED**:

1. Counsel for each party shall be required to <u>personally meet</u> or to <u>confer telephonically</u> no later than **February 12, 2010**, as outlined above.

2. Within **ten (10)** days of the date of the personal or telephonic conference between counsel for each party, Defendants shall file a certificate stating that the parties conferred as directed in this order and made a good faith effort to settle the questions of liability for and the amount of attorneys' fees in this action, as well as the matter of costs. The certificate shall also indicate whether the fees and costs issues have been fully (or partially) settled or whether the parties were entirely unsuccessful in resolving their differences.

**DONE AND ORDERED** this <u>19th</u> day of January 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Counsel are reminded of N.D. Fla. Loc. R. 54.1(C), which states that "settlement [is] encouraged" with regard to the matter of attorneys' fees. *See* N.D. Fla. Loc. R. 54.1(C). For obvious reasons, settlement is likewise strongly encouraged with regard to the matter of the bill of costs.