IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LESLIE SMITH,
      Plaintiff,

v.                                Case No. 3:08cv3/MCR/EMT

PSYCHIATRIC SOLUTIONS, INC., et al.,
      Defendants.
_____/

**O R D E R**

    This is an action for retaliatory discharge under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C.§ 1514A, and the Florida Whistle-Blower Act ("FWA"), Fla. Stat. §§ 448.101, *et. seq.* On March 31, 2009, the district court entered an order granting, *inter alia*, Defendants' motion for summary judgment on Plaintiff's claims (Doc. 150). Plaintiff appealed this order as well as other court orders to the Eleventh Circuit Court of Appeals (Doc. 158). Pending disposition of Plaintiff's appeal, the district court deferred ruling on the motion for attorneys' fees filed by Defendants (*see*, respectively, Docs. 161, 156).[1] In an opinion issued December 21, 2009, the Eleventh Circuit affirmed the district court's rulings. Accordingly, Defendants' motion for attorneys' fees is now ripe for consideration. Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.3, the district court referred this matter to the undersigned to conduct evidentiary and such other proceedings as may be required and to enter a Report and Recommendation on the disposition of Defendants' motion.

    Defendants seek the entry of an order establishing that Plaintiff and her counsel are liable to them for attorneys' fees incurred in bringing this action (*see* Doc. 156); *see also* N.D. Fla. Loc.

---

[1] Plaintiff has responded in opposition to the motion for attorney's fees (Doc. 160).

R. 54.1 (describing bifurcated procedure for determining attorneys' fees and stating that in the absence of a settlement the issue of liability will be determined first). Plaintiff asserts that no fees are available under any of the bases asserted by Defendants (Doc. 160).[2]

Upon review of the motion for attorneys' fees and Plaintiff's response thereto, the undersigned concluded that the parties failed to make good faith efforts to settle the dispute prior to seeking resolution by the court. The parties were therefore directed to confer in a good faith effort to resolve the issues raised in Defendants' motion for attorneys' fees and to advise the court whether the fees issue was fully (or partially) settled or whether the parties were entirely unsuccessful in resolving their differences (Doc. 212).[3] The parties have now advised the court that additional attempts at settling were made, but the parties were entirely unsuccessful in resolving their differences as to the matter of attorneys' fees (Doc. 217).

In opposing Defendants' motion for attorneys' fees Plaintiff relies, in part, on <u>Bender v. Tropic Star Seafood, Inc.</u>, Case No. 4:07cv438/SPM, 2009 WL 1616496, at *1–3 (June 8, 2009) (denying attorneys' fees to defendant, as prevailing party, in a case involving claims of retaliation and discrimination under both Title VII and the Florida Civil Rights Act, and claims of retaliation under the FWA and Florida Workers' Compensation Act)[4] (*see* Doc. 160; Doc. 210; Doc. 217,

---

[2] On January 18, 2010, attorney Marie A. Mattox entered an appearance on behalf of Richard E. Johnson, Plaintiff's counsel (Doc. 209). Ms. Mattox has also submitted caselaw in support of Plaintiff's argument in opposition to Defendants' motion for attorneys' fees (Doc. 210).

[3] Counsel was directed to do the same with respect to Defendants' bill of costs, to which Plaintiff had responded in opposition (*see* Doc. 212). The parties subsequently advised the court that the matter of costs has been resolved (*see* Doc. 217).

[4] In denying defendant Tropic Star's motion for attorney fees, the court concluded, in part, as follows: 1) "[B]ecause the state Whistleblower claim has the same nucleus of operative facts as the Title VII claims, a grant of fees for the state claim, pursuant to Section 768.79 [regarding offers of judgment by defendants] is the same as a grant of fees under Title VII, which is prohibited. Therefore, [Tropic Star] is similarly prohibited from an award of fees on the state claim."; 2) "[T]he work done by attorneys on the federal claim was the same work done on the state claims and because the work on the claims is not clearly distinguishable, the reasoning that prevents an award of attorney's fees for federal claims also prevents an award of attorney's fees for state claims."; and

attach.).  Defendant Tropic Star, however, has appealed to the Eleventh Circuit the order denying its motion for attorneys' fees (*see* Bender, Case No. 4:07cv438, docs. 167, 174; Tropic Star Seafood, Inc. v. Bender, Case No. 09-15152/HH (11th Cir. June 26, 2009)).  Appellee/plaintiff Bender is represented on appeal by Richard E. Johnson, the same attorney representing Plaintiff in the instant case.  Moreover, Attorney Johnson's arguments here and on appeal on behalf of Bender are similar and, in part, rely on the same cases (*compare* Doc. 160 *with* Tropic Star Seafood, Inc. v. Bender, Case No. 09-15152/HH, 2010 WL 341249 (Appellee Bender's answer brief, filed Jan. 19, 2010) (both citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978), Hubbard v. SoBreck, LLC, 554 F.3d 742, 745 (9th Cir. 2009), Cal. Fed. Sav. & Loan Ass'n v. Guerra, 479 U.S. 272, 280–81 (1987), Maher v. Gagne, 448 U.S. 122 (1980), Hensley v. Eckerhart, 461 U.S. 424 (1983), Steinberg v. City of Sunrise, 545 So. 2d 424, 426 (Fla. 4th DCA 1989), Moran v. City of Lakeland, 694 So. 2d 886 (Fla. 2d DCA 1997), Design Pallets, Inc. v. Gray Robinson, P.A., 583 F. Supp. 2d 1282 (M.D. Fla. 2008)).

Although the Bender case and the instant case are factually and legally distinguishable,[5] the attorneys' fee issue before the Eleventh Circuit in Bender is similar to the fee issue before this court, and as noted *supra*, counsel relies on many of the same arguments in support of each client's

---

3) "[B]ecause the violations for which [Bender] sought Whistleblower protection were violations of Title VII and Florida Civil Rights Act, the standard for an award of attorney's fees under the Whistleblower claim should similarly apply.  An award of attorney's fees to a prevailing defendant, in a state Whistleblower claim that involves a potential employer violation of Title VII or the Florida Civil Rights Act is prohibited unless Plaintiff's Whistleblower claim is deemed to be frivolous, unreasonable, or groundless [and here, Bender's FWA claim had merit, so Tropic Star is not entitled to fees]."  Bender, 2009 WL 1616496, at *1–3.

[5] For example, in the instant case Plaintiff has not alleged a violation of Title VII, as did the plaintiff in Bender.  Additionally, in Bender in granting summary judgment in favor of defendant, the district court noted—in relevant part—that the summary judgment analysis for a Title VII retaliation claim applies equally to a claim of retaliatory discharge under the FWA; therefore, the court did not conduct a separate state statutory analysis.  Bender, Case No. 4:07cv438, doc. 147 at 20–33.  Here, however, in granting summary judgment to Defendants, the district court conducted analyses under both the FWA and SOX, noting that the analyses are different (*see* Doc. 150 at 10–15).

opposition to an award of attorneys' fees. Thus, the undersigned concludes that there is a reasonable probability that the Eleventh Circuit's decision could resolve the issues presented here (or, at a minimum, provide guidance in resolving the issues presented here) and, further, that a danger of piecemeal and duplicative litigation is present. *See* LaDuke v. Burlington N. R. Co., 879 F.2d 1556, 1560 (7th Cir. 1989) (stating that "[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results").

The undersigned, therefore, will hold the instant motion for attorneys' fees in abeyance pending resolution of the Bender appeal by the Eleventh Circuit.

Accordingly, it is **ORDERED**:

1.      Defendants' Motion for Attorney's Fees (Doc. 156) shall be held in abeyance pending resolution by the Eleventh Circuit Court of Appeals of defendant Tropic Star's appeal of the order denying attorneys' fees in Bender v. Tropic Star Seafood, Inc., Case No. 4:07cv438/SPM, 2009 WL 1616496, at *1–3 (June 8, 2009).

2.      Objections to holding the instant motion in abeyance, if any, must be filed no later than **MARCH 26, 2010**.

3.      Within **FOURTEEN (14) DAYS** of a decision by the Court of Appeals in Tropic Star v. Bender, Case No. 09-15152-HH (11th Cir. June 26, 2009)), Plaintiff shall file a notice with this court indicating that a decision has been rendered.[6] Plaintiff may, but is not required to, submit with the notice additional argument—not to exceed seven (7) pages—in support of her opposition to Defendants' motion for attorneys' fees. Within the same time, and subject to the same page limitation, Defendants may also submit supplemental argument.

4.      If nothing if filed earlier, the clerk shall refer this file to the undersigned for a status review on **JUNE 11, 2010**.

5.      Should the parties reach an agreement on the matter of attorneys' fees, Plaintiff shall immediately notify the court.

_____

[6] The parties are encouraged to resume settlement discussions prior to or following a decision by the Eleventh Circuit.

**DONE AND ORDERED** this 12<u>th</u> day of March 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**