# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**LESLIE SMITH,**

    **Plaintiff,**

v.                                                 **Case No.: 3:08cv3/MCR/EMT**

**PSYCHIATRIC SOLUTIONS, INC., et al.,**

    **Defendants.**

_____/

## ORDER

This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated January 31, 2013 (doc. 354). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a de novo determination of any timely filed objections.

Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.

Accordingly, it is now **ORDERED** as follows:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.[1]

2. Plaintiff is directed to pay Defendants a total of **$53,925.98** in attorneys' fees under Fla. Stat. § 448.104.

---

[1] In her objection to the magistrate judge's Report and Recommendation, Plaintiff challenges the award of $53,925.98 as excessive because it exceeds her annual income of $50,000. According to Plaintiff, such an award is "ruinous" and should be reduced to 42% of her annual income, as she suggests was done in *Bush v. Ratheon Co.,* No. 8:07-CV-02087-T-24-AEP, 2010 WL 2044887 (M.D. Fla. May 21, 2010). In that case, the court awarded fees of $42,358.68, which Plaintiff contends was roughly 42% of the purported $100,000 annual salary of the sanctioned party. Plaintiff's reliance on *Ratheon* is misplaced. Although the plaintiff in *Ratheon* had an annual salary of $100,000 while employed by the defendant, he had been terminated from that position and was making less than $40,000 at the time the court imposed the sanction. *Id.* at *7. Thus, contrary to Plaintiff's assertion, the award in *Ratheon* actually exceeded the plaintiff's income and, in that respect, is materially indistinguishable from the award in this case. The undersigned also notes, as did the court in *Ratheon*, that the only evidence of Plaintiff's alleged inability to pay is Plaintiff's unsupported assertion that she makes $50,000 per year. Plaintiff offered no additional evidence of her financial means or lack thereof. In *Ratheon*, the absence of such evidence was a primary factor in the court's refusal to reduce the award based on the sanctioned party's alleged inability to pay. *Id.* at *7–8.

3. Johnson is directed to pay Defendants a total of **$5,338.20** in attorneys' fees in connection with Plaintiff's unsuccessful Fed. R. Civ. P. 11 motion.

4. The clerk shall enter Judgment accordingly.

**DONE AND ORDERED** this 20th day of May, 2013.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**